UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BECKY P. HATFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-242 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 12 and 13] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Becky P. Hatfield ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of Defendant Commissioner.

On March 31, 2003, Plaintiff filed an application for Supplemental Security Income ("SSI"), claiming disability as of August 1, 2002 (Tr. 45-48). After her application was denied initially and upon reconsideration, Plaintiff requested a hearing. On December 22, 2004, a hearing was held before an Administrative Law Judge ("ALJ") to review determination of Plaintiff's claim (Tr. 502-20). On May 24, 2005, the ALJ found that Plaintiff was not disabled because she can perform a significant range of light work (Tr. 17-26). On April 27, 2007, the Appeals Council denied Plaintiff's request for review (Tr. 6-10), and the decision of the ALJ became the final decision of

Defendant Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.[1]

## I. ALJ Findings

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant has an impairment or combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(b). These include: rule out borderline intellectual functioning, degenerative disk disease in the low back with complaints of leg pain, and dependent personality disorder.
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 416.927)
>
> 6. The claimant has the residual functional capacity to perform light work lifting 20 pounds occasionally and ten pounds frequently, standing and/or walking for six hours in an eight-hour day, and sitting for two hours in an eight hour-day; avoiding detailed and

---

[1] On September 13, 2005, Plaintiff filed a new application for SSI benefits, which was granted with disability commencing on September 1, 2005, approximately three months after the ALJ's May 24, 2005 decision (Tr. 308). In reviewing the ALJ's decision, the Appeals Council noted Plaintiff's subsequent disability determination, but found the new information regarding her disability was in reference to a later time, and thus not applicable to review of the ALJ's decision. The Count is in agreement with the Appeals Council determination, and thus, is only reviewing the evidence before the ALJ prior to Plaintiff's disability determination by the Social Security Administration.

> complex work; avoiding working closely with others; avoiding jobs where work duties change frequently.
>
> 7. The claimant is unable to perform any of her past relevant work (20 C.F.R. § 416.965).
>
> 8. The claimant is an individual closely approaching advanced age (20 C.F.R. § 416.963).
>
> 9. The claimant has a "high school education" (20 C.F.R. § 416.964)
>
> 10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 416.968).
>
> 11. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. § 416.967).
>
> 12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.13 as a framework for decision making, there are a significant number of jobs in the national economy which she could perform.
>
> 13. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 416.920(f)).

(Tr. 25-26).

## II.    Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work, which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, she is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.150). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of

Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## IV. Arguments

Plaintiff argues on appeal that the ALJ's disability determination is not supported by substantial evidence because the ALJ erred in failing to give the appropriate weight to the opinion of her treating source. Plaintiff further argues the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ failed: (1) to include limitations noted by her treating source and (2) to take her bilateral wrist problems and obesity into

consideration. Finally, Plaintiff contends that Defendant Commissioner failed to sustain his burden of establishing that there is other work in the national economy in which she can perform [Doc. 13].

The Commissioner contends that substantial evidence supports the ALJ's decision regarding the issues presented on appeal. The Commissioner argues that the ALJ correctly concluded that Plaintiff is not disabled since she retains the RFC to perform a significant range of light work, a conclusion supported by uncontroverted Vocational Expert ("VE") testimony [Doc. 16].

Plaintiff has the burden of proving her entitlement to benefits. Boyers v. Sec. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

### A. *Failure to Give Appropriate Weight to Treating Source*

Plaintiff argues that the ALJ failed to accord the proper weight to the opinion of her treating source, Nurse Practitioner Alice King ("NP King"). Plaintiff contends NP King has treated her since December 11, 1997, and has provided regular, ongoing care for her ailments. Defendant, in response, argues Plaintiff's characterization of NP King as her treating source is in conflict with well-established Social Security regulations. Furthermore, Defendant argues the ALJ considered NP King's opinion appropriately and rejected it since it was based primarily on Plaintiff's subjective complaints.

As a threshold matter, this Court must first determine whether NP King, as a nurse practitioner, can be considered Plaintiff's treating source. The Commissioner does not acknowledge nurse practitioners as acceptable medical sources and are considered by the Commissioner to be "other [non-medical] sources. 20 C.F.R. § 404.1513. Accordingly, their opinions are, therefore, accorded less weight than those of medical doctors. Moreover, based on the plain language of the

6

regulations, the Court disagrees with Plaintiff's contention that the ALJ was required to explain his rejection of NP King's opinion [Doc. 13 at 12]. Since NP King was not Plaintiff's treating source, the ALJ had no duty to set forth specific and legitimate reasons for not crediting her opinion.

While the opinion of NP King was not entitled to treating-source weight, it was entitled to consideration by the ALJ. Nurse practitioners are specifically listed by the Commissioner as "other" sources whose opinions as to the severity of a claimant's impairment and the effect of the impairment on the claimant's ability to work are entitled to consideration by the ALJ. See 20 C.F.R. § 416.913(d). However, the ALJ's opinion shows he considered the evidence provided by NP King, but discounted it since it was "based on the patient's subjective discussion" (Tr. 22; 292-93). Moreover, the ALJ rejected NP King's opinion because it was inconsistent with test results and opinions of her treating physician, Dr. Giles. Dr. Giles reported Plaintiff quit working due to back problems but "plain films of the back failed to show any significant abnormalities. MRI was recently done and, again, did not show significant back abnormalities" (Tr. 158). Additionally, Dr. Giles reported Plaintiff "did not want any pain medication or muscle relaxers" when treated on December 23, 2002 and told him she does not want any pain medication, but wanted to instead "tolerate the pain and use [over the counter] medications" (Tr. 161-62). Therefore, the Court rejects Plaintiff's argument that the ALJ failed to give appropriate weight to NP King's opinion.

### B. RFC Determination

Plaintiff also argues the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed: (1) to consider the limitations noted by NP King; (2) to consider Plaintiff's bilateral wrist problems and obesity; and (3) to include or address limitations noted by reviewing state agency physicians. Each objection will be discussed in turn.

7

### 1. Limitations Noted by Nurse Practitioner Alice King

As discussed above, the ALJ was not required to treat NP King's opinion as one from a treating source. Moreover, the ALJ adequately explained his reasons for discounting her opinion since it was based mainly on Plaintiff's subjective complaints and was in conflict with objective medical evidence, including tests and opinions of Plaintiff's treating physician, Dr. Giles.

### 2. Failure to Consider Bilateral Wrist Problems and Obesity

In challenging the ALJ's RFC determination, Plaintiff also argues "the ALJ failed to take [her] bilateral wrist problems and obesity into consideration" [Doc. 13 at 14]. However, Plaintiff fails to articulate how these impairments, if considered, would have affected the ALJ's RFC determination. Moreover, Plaintiff fails to point to any evidence in the record in which it was suggested her bilateral wrist problems or her obesity affected her ability to work, and thus this argument is deemed waived. See, e.g., McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed augmentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (quoting Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'r, 59 F.3d 284, 293-94 (1st Cir. 1995)).

### 3. Failure to Include or Address Limitations Noted by State Agency Physicians

Plaintiff further challenges the ALJ's RFC determination, arguing the determination is flawed by the ALJ's failure to include or address limitations noted by reviewing state agency physicians. With respect to Plaintiff's RFC, the ALJ found that Plaintiff is able to:

> perform light work lifting 20 pounds occasionally and ten pounds frequently, standing and/or walking for six hours in an eight-hour day, and sitting for two hours in an eight hour day; avoiding detailed

>                and complex work; avoiding working closely with others; avoiding
>                jobs where work duties change frequently.

(Tr. 25).

Plaintiff points to two reviewing state agency physician opinions and argues the limitations noted by these doctors were not addressed in the ALJ's opinion. On July 18, 2003, a reviewing state agency physician determined Plaintiff suffered from the following limitations: occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for about 6 hours in an 8 hour work day; unlimited in her ability to push/pull; and occasionally climb, balance, stoop, kneel, crouch, and/or crawl (Tr. 147-48). The same reviewing state agency physician also noted Plaintiff suffered no manipulative, visual, communicative, or environmental limitations (Tr. 149-50). On October 4, 2003, a reviewing state agency physician determined Plaintiff suffered from the following limitations: occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for about 6 hours in an 8 hour work day; sit for about 6 hours in an 8 hour work day; unlimited in her ability to push/pull; and occasionally climb ladders; balance, and stoop (Tr. 195-96). This state agency physician also determined Plaintiff can frequently climb ramps/stairs, kneel, crouch, and crawl and suffered no manipulative, visual, communicative, or environmental limitations (Tr. 196-97).

The Court finds that there is substantial evidence in the record to support the ALJ's RFC determination, including the limitations noted by the two reviewing state agency physicians. The ALJ determined Plaintiff is capable of performing light work. Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. § § 404.1567(b) and 416.967(b). Both of the reviewing stage agency physicians noted Plaintiff could occasionally lift and carry 20 pounds and could frequently lift and carry 10 pounds (Tr. 147; 195). Additionally, the

ALJ placed a greater limitation on Plaintiff's ability to work with others than the reviewing state agency physicians. Both reviewing state agency physicians found Plaintiff suffered no limitations in communication skills, yet the ALJ limited Plaintiff's ability to work closely with others (Tr. 150; 197; 25). Accordingly, the Court does not find the opinions of the reviewing state agency physicians contradict the ALJ's RFC finding.

### C. *Commissioner's Burden*

Finally, Plaintiff contends that the hypothetical question posed to the VE did not include all the limitations found in the ALJ's RFC determination, thus the VE's response cannot constitute substantial evidence to support a finding that there are jobs in the national economy which Plaintiff can perform.

VE Ernest W. Brewer testified at Plaintiff's administrative hearing. The ALJ presented a hypothetical claimant of Plaintiff's age, education, and work background. The hypothetical claimant would be capable of light work subject to limitations on detailed or complex work (Tr. 517-18). In response, the VE identified several jobs in the regional and national economies that the hypothetical claimant would be capable of performing (Tr. 518-19).

"Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments." Varley v. Sec'y of Health & Human Serv., 820 F.2d 770, 777 (6th Cir. 1987) (quoting Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)). "While the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may be considered for purposes of determining disability if the question accurately portrays the claimant's individual

10

physical and mental impairments." Lancaster v. Comm'r of Soc. Sec., 228 Fed.Appx. 563, *573 (6th Cir. April 26, 2007) (quoting Podedworny, 745 F.2d at 218)). It is inappropriate for the Court to assume whether the VE's testimony would have given similar answers had the ALJ instructed him appropriately as to Plaintiff's impairments. Lancaster, 228 Fed.Appx. at *573.

The Court finds the hypothetical presented to the VE is sufficient in all necessary respects. First, the hypothetical accounts for both physical ("mild to moderate degenerative changes of the lumbar spine described as degenerative disc disease with complaints of leg pain at times") and mental impairments ("possible borderline intellectual functioning ... dependent personality disorder") (Tr. 517). Second, the hypothetical includes Plaintiff's diagnosis as well as her limitations ("limited to light exertion, ... avoid detailed or complex work[;] ... avoid working closely with others[;] ... avoid jobs where work duties change frequently") (Tr. 517). See Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002). Accordingly, the hypothetical does not appear fundamentally flawed and therefore, the VE's testimony based on the hypothetical provides substantial evidence for the ALJ's conclusion.

## IV. Conclusion

In light of the foregoing, the Court finds substantial evidence on the record as a whole supports ALJ's findings and conclusion that Plaintiff is not disabled. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment [Doc. 12] be **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 15] be **GRANTED**.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).