# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| BECKY P. HATFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-242 |
| ) | (Phillips/Shirley) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On May 19, 2008, the Honorable C. Clifford Shirley, United States Magistrate Judge, issued a twelve-page report and recommendation ("R&R"), in which he recommended that plaintiff's Motion for Summary Judgment [Doc. 12] be denied and that the Commissioner's Motion for Summary Judgment [Doc. 15] be granted.

This matter is now before the court on plaintiff's timely objections to the R&R [Doc. 19]. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Procedure 72(b), the court has undertaken a de novo review of those portions of the R&R to which plaintiff objects. Plaintiff has failed to make "specific ... objections to the proposed findings and recommendations," Fed. R. Civ. Pro. 72(b)(2), as her objections are virtually verbatim the arguments made in her Brief in Support of Motion for Summary Judgment [Doc. 13] addressed by Judge Shirley. Nevertheless, the court finds it necessary to expound briefly on Judge Shirley's well-reasoned opinion regarding the first of plaintiff's objections. The latter two of plaintiff's objections, however, were fully addressed by Judge Shirley, and it would be unnecessarily duplicative for this court to readdress these objections herein.

I.  ANALYSIS

   A.  **Weight Accorded the Opinion of a Nurse Practitioner**

In her objections to the R&R, plaintiff reiterates the arguments first raised in her Motion for Summary Judgment, namely, that the ALJ failed to give proper weight to plaintiff's "treating source," Nurse Practitioner Alice L. King. If Nurse Practitioner King is to be considered a "treating source," then her determination is to be given controlling weight if "well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(d)(2). If the ALJ determines, however, that a treating source is not to be accorded controlling weight based on the above standard, he must give specific reasons for the weight he accords the source. *Id.* Finally, if Nurse Practitioner King is not a "treating source," then her opinion is not entitled to controlling weight, although the ALJ must consider it in determining whether plaintiff is disabled.

Plaintiff first asserts the conclusory statement that "[t]he ALJ erred in failing to accord proper weight to the opinion of Plaintiff's *treating source*, Nurse Practitioner King." [Doc. 19 at 1 (emphasis added)]. Later, however, plaintiff seemingly concedes that by definition, Nurse Practitioner King is not a "treating source"; rather, she is, by definition, an "other source." Plaintiff argues that Nurse Practitioner King should nevertheless be considered a treating source because she was working closely under the supervision of plaintiff's treating physician.

The term "treating source" is a legal term of art defined in the regulations. "Treating source" is defined as "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. "Acceptable medical source" in turn is

defined in the regulations via specific enumeration of five such sources. 20 C.F.R. § 404.1502 ("Acceptable medical source refers to one of the sources described in § 404.1513(a) who provides evidence about your impairments."); *id.* § 404.1513(a) ("acceptable medical source" includes licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists). Nurse practitioners, however, are absent from the definition of "acceptable medical source."

Accordingly, the first major flaw in plaintiff's argument is that a nurse practitioner is not a treating source accorded such controlling weight. Rather, as plaintiff later concedes, a nurse practitioner is defined by the regulations as a so-called "other source" that may provide evidence on the severity of plaintiff's impairments. 20 C.F.R. § 404.1513(d)(1) ("In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include ... nurse-practitioners ...."); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). Sources listed as "other sources" under 20 C.F.R. § 404.1513(d)(1) are not included in the definition of "treating source," as that definition contemplates that a "treating source" may only be an "acceptable medical source" as defined by 20 C.F.R. § 404.1513(a). Accordingly, a nurse practitioner's opinion, as "other source" evidence, is not given the same controlling weight as a "treating source." *See* 20 C.F.R. § 404.1527(d).

As aforementioned, plaintiff attempts to overcome this impediment by arguing that "[i]f a nurse practitioner works closely under the supervision of an accepted medical source, his or her opinion is properly considered as part of the opinion of the acceptable medical source" and can therefore be considered a "treating source." [Doc. 19 at 4]. In support, plaintiff cites a Ninth Circuit

opinion, *Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996).

This court need not address the substance of the Ninth Circuit's construction in *Gomez* of the relevant regulations because that opinion does not bind this court. In what is binding precedent on this court, however, in *Cruse v. Commissioner of Social Security*, the Sixth Circuit recently discussed a 2006 Social Security ruling, S.S.R. 06-03P, that "clarifies how the Commissioner is to consider opinions and other evidence from sources who are not 'acceptable medical sources.' " *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007).

The ruling states in pertinent part,

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners ... have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

S.S.R. 06-03P, 2006 WL 2329939, at *3, *quoted in Cruse*, 502 F.3d at 541. The ruling notes that the ALJ is required, under the regulations, to consider the evidence from "other sources," although the regulations fail to address explicitly how to evaluate such "other source" evidence. S.S.R. 06-03P, 2006 WL 2329939, at *4. The ruling states that the factors in 20 C.F.R. §§ 4047.1527(d) and 416.927(d), which the ALJ considers in determining the weight to accord a medical opinion, "can be applied to opinion evidence from 'other sources,' " as "[t]hese factors represent basic principles that apply to consideration of all opinions from medical sources who are not 'acceptable medical sources' .... " *Id.* While "[t]he evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case" and "[n]ot every factor for weighing opinion in evidence will apply in every case," nevertheless the ruling states that

> the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant

> or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id.* The ruling is careful to note "the distinction between what an adjudicator must *consider* and what the adjudicator must *explain*." *Id.* (emphasis added). The Sixth Circuit, however, appears to interpret the phrase "should explain" as indicative of strongly suggesting that the ALJ explain the weight, as opposed to leaving the decision whether to explain to the ALJ's discretion. *See Cruse*, 502 F.3d at 541-42 (although S.S.R. 06-03P did not apply to the case at bar, the "ALJ's decision was devoid of any degree of specific consideration of nurse practitioner Hasselle's functional assessments" and "the ALJ should have discussed the factors relating to his treatment of Hasselle's assessments").

While it appears that Judge Shirley did not consider the ALJ's opinion under either the new ruling or *Cruse*, the court finds that, as noted by Judge Shirley, the ALJ nevertheless met the standards espoused therein. In the R&R, Judge Shirley held, "the ALJ's opinion shows he considered the evidence provided by [Nurse Practitioner] King, but discounted it since it was 'based on the patient's subjective discussion.' " [Doc. 18 at 7 (citing Tr. at 22, 292-93)]. The ALJ later reiterated that Nurse Practitioner King "based her opinion entirely on the claimant's subjective complaints." [Tr. at 23]. Moreover, the ALJ explained that he discredited the opinion as inconsistent with other evidence in the record. As the ALJ stated, "[o]bjective findings indicate only mild to moderate disorder. She does not have impaired gait or any neurological deficits. In addition, picking beans all day [plaintiff complained of increased pain in June 2003 after "picking beans all day"] is entirely inconsistent with her complaints of debilitating pain." [Tr. at 23].

In sum, Nurse Practitioner King's opinion is not entitled to controlling weight as a "treating source." Rather, as an "other source," the ALJ was merely required to consider her opinion and, per

S.S.R. 06-03P, strongly encouraged, perhaps even required, to explain his reasons for the weight accorded thereto. The court finds that the ALJ adequately explained why he discredited Nurse Practitioner King's opinion, and the opinion is therefore supported by substantial evidence. Accordingly, as recommended by Judge Shirley, the court rejects plaintiff's objection to the R&R on the basis of the weight accorded Nurse Practitioner King's opinion.

> **B.  ALJ's Residual Functional Capacity Determination and Failure of Commissioner to Sustain Burden at Fifth Step**

With regard to plaintiff's remaining objections, which the court again notes are taken essentially word-for-word from plaintiff's Brief in Support of Motion for Summary Judgment, the court finds that Judge Shirley fully addressed these issues in the R&R. Accordingly, an issuance of an opinion by this court would be unnecessarily duplicative, and the court adopts and incorporates herein Judge Shirley's recommendations with regard to plaintiff's remaining two objections.

**II.  CONCLUSION**

Plaintiff's objections [Doc. 19] are therefore **OVERRULED** and the R&R [Doc. 18] is **ACCEPTED IN WHOLE**, which the court adopts and incorporates into its ruling. Accordingly, plaintiff's Motion for Summary Judgment [Doc. 12] is **DENIED** and defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED**.

**IT IS SO ORDERED**.

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge